ROBB, Chief Judge,
concurring with separate opinion.
I concur in the majority’s result with respect to Gared’s breach of contract and implied warranty of merchantability claims. I respectfully dissent, however, from the resolution of the implied warranty of fitness for a particular purpose claim.
The implied warranty of fitness for a particular purpose occurs where the seller has reason at the time of contracting to know of any particular purpose for which the goods are being purchased and the buyer is relying on the seller’s skill or judgment in choosing suitable goods for that purpose. See Irmscher Suppliers, Inc. v. Schuler, 909 N.E.2d 1040, 1048 n. 4 (Ind.Ct.App.2009). The trial court found that Gared had proved Best Bolt knew of the particular purpose for which the goods would be used — to raise and lower basketball backboards. I believe when Gared asked Best Bolt to procure pulleys and Best Bolt agreed to do so, Gared was relying on Best Bolt to offer a pulley that would suit this purpose and further, that Gared demonstrated that reliance when it did not test the pulleys for lubrication because, as the majority notes in the discussion of the implied warranty of merchantability, there was testimony indicating a lubricated bushing is an essential part of a pulley and is standard in the industry. Non-lubricated bushings could bear a static load or low dynamic load, but not the load Best Bolt knew these pulleys would be bearing. Gared gave Best Bolt a sample pulley, and although Gared did not want an exact replica of that pulley because they were having quality issues with the cable separating and jamming between parts of the pulley, there were no quality issues with the lubricated bushing and Best Bolt, offering to procure a suitable replacement, held itself out to have the ability to judge what would be suitable.
I would reverse the trial court’s judgment in favor of Best Bolt on the implied warranty of fitness for a particular purpose claim.